# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

LAWRENCE ROBINSON                                                        PETITIONER

v.                                    NO. 2:08CV00013 SWW/HDY

TIMOTHY OUTLAW, Warden, FCI                                          RESPONDENT
Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

PRIOR CRIMINAL PROCEEDINGS.   The record reflects that in October of 1991, petitioner Lawrence Robinson ("Robinson") was sentenced in a Missouri state court to two concurrent, ten-year terms of imprisonment for the sale of a controlled substance. (Hereinafter, the two concurrent, ten-year terms of imprisonment will be referred to as "**Sentence A**.")  While serving Sentence A, he was released from state custody on a pass. While out on the pass, he was arrested by Missouri authorities and charged by them with unlawful possession of a concealable firearm.   In April of 1996, he was sentenced in a Missouri state court to a three year term of imprisonment for possession of the firearm. (Hereinafter, the three year term of imprisonment will be referred to as "**Sentence B**.") Sentence B was ordered to be served concurrent with Sentence A.

Robinson was subsequently transferred to federal custody to answer a federal indictment charging him with being a felon in possession of a firearm, a charge that apparently sprang from his conduct while on the state-issued pass.   In December of 1996, he was sentenced in the United States District Court for the Eastern District of Missouri to a 180 month term of imprisonment for being a felon in possession of a firearm. (Hereinafter, the 180 month term of imprisonment will be referred to as "**Sentence C**.") Sentence C was ordered to be served consecutive to Sentence A but concurrent with Sentence B.  He was then returned to the custody of Missouri authorities.

In November of 1997, Robinson was paroled from state custody.   He was not released from custody, though, but was instead transferred by Missouri authorities to federal authorities to begin serving Sentence C.   He came to be housed at the Federal Correctional Complex - Low Security Institution in Forrest City, Arkansas, the warden of which is respondent Timothy Outlaw ("Outlaw").

It was only after Robinson entered the custody of the Federal Bureau of Prisons ("BOP") that he learned that he would not be receiving any credit on Sentence C for the time he spent in state custody in connection with Sentence B, a sentence that was ordered to be served concurrent with Sentence C.   Instead, the BOP calculated Sentence C as commencing in November of 1997, the month he was received into federal custody. Believing he was entitled to credit on Sentence C for the time he spent in state custody on Sentence B, he pursued an administrative grievance.   That effort produced no fruit, and he commenced the proceeding at bar.

THE PROCEEDING AT BAR.   Robinson commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.   It was his position that the BOP is incorrectly calculating Sentence C because he is not receiving credit for the time he spent in state custody in connection with Sentence B.   He asked that the BOP be ordered to "compute my sentence concurrently in accordance with the sentencing judgment and to apply credit for the concurrent state sentence to my federal sentence." See Document 1 at 4.

Outlaw subsequently filed an answer to Robinson's petition.  Outlaw maintained in his answer that the BOP is properly calculating Sentence C because it is simply not possible to give Robinson credit on Sentence C for the time he spent in the custody of Missouri authorities serving Sentence B.  In support of that assertion, Outlaw specifically alleged the following:

> [The BOP] has computed … Robinson's current federal sentence [i.e., Sentence C] as running consecutive to the two Missouri state sentences Robinson received on October 24, 1991 [i.e., Sentence A].  Accordingly, his federal sentence commenced at the time of his release from his Missouri state sentences to the custody of the United States Marshal's Service on November 26, 1997.  …

> … Robinson's Ten Year Missouri state sentences [i.e., Sentence A] ran concurrently with his Three Year Missouri state sentence [i.e., Sentence B].  As the three sentences were computed by the Missouri Department of Corrections as running concurrently with one another, [Sentence A] absorbed [Sentence B] in its entirety.  Therefore, by running the three state sentences concurrently with one another, the State of Missouri effectively eliminated the possibility of the [BOP] running … [Sentence C] … concurrently with [Sentence B].

> It is simply not possible to comply with the Judgment in a Criminal Case from the District Court for the Eastern District of Missouri, as it pertains to the [BOP] computing … [Sentence C] as running concurrently with [Sentence B], and consecutively with [Sentence A].  [Sentence B] was essentially absorbed by [Sentence A].  As the United States District Court for the Eastern District of Missouri ordered … Robinson's current … federal sentence to run consecutive to [Sentence A], the [BOP] has computed … [Sentence C] as commencing on November 26, 1997, which is the date … Robinson was released from his Missouri state sentences to begin service of his current federal sentence.  …

See Document 4 at 3-4.

Robinson filed a response to Outlaw's answer.  Robinson maintained that the BOP is doing nothing more than devising its own sentence for him, an action it has no authority to do.  He alternatively maintained that the BOP could easily comply with the order of the sentencing judge; Robinson specifically maintained the following:

> … even though both state terms ran concurrent, the state computation authorities know[] exactly when the three-year term [i.e., Sentence B] [began] running and when it expired and then the remaining portion of the ten-year term [i.e., Sentence A] continued from that point on.  Thus, the [BOP] could simply credit [Robinson's] federal sentence for that period of time when the three-year state term [began] and ended.  [Outlaw] is trying to convince this Court it has no way of determining when the three-year state term ended because it was concurrent with another term.  That is simply incorrect.

See Document 7 at 3.   He alternatively maintained that he entered into a plea agreement in connection with Sentence C, a portion of which assured him that Sentence C would run concurrent with Sentence B, and the BOP should not be permitted to violate the terms of that agreement.

28 U.S.C. 2254.   Before addressing the petition at bar, the undersigned notes Robinson's representation that he previously filed a petition pursuant to 28 U.S.C. 2254 in the United States District Court for the Eastern District of Missouri.   In that submission, he challenged the BOP's calculation of Sentence C.  Sadly, he notes that no clarification of the conflicting sentences was provided; instead, he was directed to file a petition pursuant to 28 U.S.C. 2241 in this district.

-6-

STANDARD OF REVIEW.   Before beginning an analysis of Robinson's claim, an articulation of the governing standard of review is advisable.   In Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995), the United States Court of Appeals for the Eleventh Circuit articulated the following standard of review for determining whether a prisoner was entitled to 487 days credit towards the service of his federal sentence under 18 U.S.C. 3585(b) for the time he had spent at his home under pre-trial, restrictive detention:

> In regard to the BOP's decisions concerning the award of sentencing credits, the judiciary retains the final authority on matters of constitutionality and statutory construction.   [Citation and footnote omitted].  Where an administrative agency's construction of a statute is at issue, however, a deferential "'two-step process'" of review has been established.  [Citations and footnote omitted].

> First, if congressional purpose is clear, then interpreting courts and administrative agencies "must give effect to the unambiguously expressed intent of Congress."  [Citation omitted].

> A second level of review, however, is triggered when "the statute is silent or ambiguous with respect to the specific issue."  [Citations omitted].  Where an administrative agency has interpreted the statute, a reviewing court is bound by the [Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984)] "rule of deference."  [Citation omitted].  "[A] court may not substitute its own construction of a statutory provision for a reasonable interpretation" by an administrating agency.  [Citation omitted].  Agency interpretation is reasonable and controlling unless it is "arbitrary and capricious, or manifestly contrary to the statute."  [Citations omitted].  Thus, "we defer to an agency's reasonable interpretation of a statute it is charged with administering."  [Citation omitted].

See Id. at 747.

ANALYSIS.   The intent of the sentencing judge in this instance could not be more clear: Sentence C is to be served consecutive to Sentence A but concurrent with Sentence B.  The difficulty arises in giving effect to that intent.  Specifically, how is it possible to credit Sentence C for the time Robinson spent in state custody on Sentence B when Sentence B was running concurrent with, and concluded before, Sentence A, a period of time he was clearly not entitled to have credited against Sentence C?  The BOP determined that he would receive no credit on Sentence C for any time he spent in state custody.  The justification offered by the BOP is as follows: Because Robinson began serving Sentence B after receiving Sentence A, and completed Sentence B prior to completing Sentence A, Sentence C could not have begun until the completion of Sentence A.   The justification, however, is supported by little authority.  Notwithstanding that lack of support, the BOP's calculation of Sentence C is reasonable.

The undersigned begins by making note of several matters.  First, 18 U.S.C. 3585(a) provides that a federal sentence commences on the date the prisoner is "received in custody awaiting transportation to, or arrives voluntarily to commence service of [his] sentence at, the official detention facility ..."  The congressional purpose of the statute is clear, and the unambiguously expressed intent of Congress must be given effect.  Robinson was not received into federal custody to begin serving Sentence C until November of 1997.  In the typical instance, it would have commenced that month.  The proceeding at bar, however, is not the typical instance.

Second, 18 U.S.C. 3585(b) provides a scheme whereby a prisoner may receive credit on his federal sentence for the time he spent in official detention prior to the date his federal sentence commences.[1]  The congressional purpose of the statute is clear, and the unambiguously expressed intent of Congress must be given effect. Robinson was obviously in official detention prior to the date Sentence C commenced. The period he spent in state custody, though, has been credited against other sentences.

Third, notwithstanding the foregoing, there are at least two instances in which a federal sentence may be deemed to commence prior to the date the prisoner is received into federal custody.   The sentencing judge can order the sentence to commence on the date it is imposed.  It is possible to infer that the sentencing judge desired Sentence C to commence on the day it was imposed as she ordered it to run concurrent with Sentence B.   An entirely different inference is also possible, though, because she also ordered Sentence C to run consecutive to Sentence A.  The BOP chose the latter inference, and the decision to do so is reasonable.

---

[1]

18 U.S.C. 3585(b) provides the following:

(b) Credit for prior custody.   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Alternatively, the BOP may grant a <u>nunc pro tunc</u> designation.  <u>See</u> <u>Fegans v. United States</u>, 506 F.3d 1101 (8th Cir. 2007).  <u>See also</u> <u>Dunn v. Sanders</u>, 247 Fed.Appx. 853, 854, 2007 WL 2727287 at 1 (8th Cir. 2007).  The practical effect of a <u>nunc pro tunc</u> designation is to designate the state penal institution as the place of confinement for service of the federal sentence.  The BOP refused to grant Robinson a <u>nunc pro tunc</u> designation, primarily because it would have been inconsistent with the sentencing judge's intent.  It is apparent from the denial that the BOP gave greater preference to Sentence A than Sentence B.  The decision to do so is reasonable.

Robinson maintains that the BOP is devising its own sentence for him, an action contrary to the intent of the sentencing judge and something it has no authority to do. The undersigned cannot agree.  The BOP is simply attempting to carry out its congressionally mandated duty, <u>i.e.</u>, make a proper calculation of a federal sentence.

Robinson alternatively maintains that the BOP knows exactly when Sentence B commenced and when it concluded and could simply credit Sentence C for that period of time.  He is correct in at least one respect: the BOP knows or could learn when Sentence B commenced and when it concluded.  Nevertheless, the undersigned is not persuaded by his contention.  It would be inconsistent with the sentencing judge's intent to give Robinson credit on Sentence C for the period of time he spent in state custody on Sentence B because he was also then serving Sentence A, a sentence which was to be served consecutive to Sentence C.

-10-

Robinson last maintains that he entered into a plea agreement in connection with Sentence C, a portion of which assured him that Sentence C would run concurrent with Sentence B, and the BOP should not be permitted to violate the terms of that agreement.  There are at least two problems with his contention.  First, it may well be that such a challenge must be raised in the sentencing court in a motion pursuant to 28 U.S.C. 2255.[2]  The sentencing judge would have likely approved the plea agreement or at least known the conditions under which Robinson pleaded guilty, and Outlaw would not have been privy to the agreement.  Second, Robinson does not allege that had he known that Sentence C would be calculated in the manner it is being calculated, he would not have pleaded guilty but would have insisted upon going to trial.

Given the foregoing, the calculation of Sentence C does not appear to be governed by any specific statute, BOP Program Statement or any other authority.  Thus, the resolution of this proceeding swings upon whether the BOP's calculation of the sentence is reasonable, not whether the undersigned agrees with the calculation made by the BOP.  Having given the matter much consideration, the undersigned is satisfied that the BOP's calculation of Sentence C is reasonable.

---

[2]

The difference between a petition filed pursuant to 28 U.S.C. 2241 and a motion filed pursuant to 28 U.S.C. 2255 is easily stated; the application of that difference, though, is not always as easy.  This much is clear: a prisoner may challenge the execution of his sentence by means of a petition filed pursuant to 28 U.S.C. 2241in the district of his incarceration.  See Matheny v. Morrison, 307 F.3d 709 (8th Cir. 2002); Bell v. United States, 48 F.3d 1042 (8th Cir. 1995).  A motion filed pursuant to 28 U.S.C. 2255 in the district of a prisoner's sentencing is the proper means for challenging the validity of his plea and sentence.  See Matheny v. Morrison, supra; Bell v. United States, supra.

In resolving the conflict at bar, the BOP was required to give preference to one of the two state sentences, specifically, to either Sentence A or Sentence B.  The BOP could not give equal preference to both state sentences and give full effect to the sentencing judge's intent.  The BOP chose to give preference to Sentence A.  That choice was reasonable.  Sentence A was imposed before Sentence B and was for a greater length of time than Sentence B.  Robinson completed the service of Sentence B before he completed the service of Sentence A.  Thus, he served Sentence B entirely within the period of time he was also serving Sentence A.  Because Sentence B was the shorter of the two state sentences, the BOP could construe Sentence A as having essentially absorbed Sentence B in its entirety.

CONCLUSION.  On the basis of the foregoing, the undersigned finds no merit to positions advanced by Robinson in this petition.  The BOP's calculation of Sentence C is reasonable.   The undersigned therefore recommends that the petition at bar be dismissed and all requested relief be denied.  Judgment should be entered for Outlaw.

DATED this ___22___ day of April, 2008.


_____
UNITED STATES MAGISTRATE JUDGE